1

2

3

4

5

6

7

8               **UNITED STATES DISTRICT COURT**

9               **CENTRAL DISTRICT OF CALIFORNIA**

10

11    X.N.,                                      Case No. 2:24-cv-04800-WLH-ADS

12                    Plaintiff,

13    v.                                          [DISCOVERY DOCUMENT:
                                                  REFERRED TO MAGISTRATE
14                                                JUDGE AUTUMN D. SPAETH]

15    MINDGEEK S.A.R.L., a foreign entity;
      MG FREESITES LTD, a foreign entity;        Judicial Officer: Wesley L. Hsu
16    MINDGEEK USA INCORPORATED,
      a Delaware corporation; MG                 **STIPULATED PRE-TRIAL**
17    PREMIUM LTD, a foreign entity; MG           **PROTECTIVE ORDER AS TO**
      GLOBAL ENTERTAINMENT INC., a                **THE IDENTITY OF PLAINTIFF**
18    Delaware corporation; 9219-1568             **X.N.**
      QUEBEC, INC., a foreign entity;
19    BERND BERGMAIR, a foreign
      individual; FERAS ANTOON, a
20    foreign individual; DAVID
      TASSILLO, a foreign individual; VISA
21    INC., a Delaware corporation;
      REDWOOD CAPITAL
22    MANAGEMENT, LLC, a Delaware
      limited liability company; REDWOOD
23    DOE FUNDS 1-7; COLBECK
      CAPITAL MANAGEMENT, LLC, a
24    Delaware limited liability company;
      COLBECK DOE FUNDS 1-3,
25

26

27                    Defendants.

28

1.    Plaintiff alleges she is a victim of child sex trafficking and child pornography and commenced an action against Defendants in the above caption under a pseudonym.  Plaintiff seeks a protective order governing the circumstances and terms by which her identity may be disclosed to and by Defendants to minimize the potential for alleged harassment were her identity disclosed, and to avoid the stigma and embarrassment that would accompany exposure of her identity beyond what is necessary in this litigation.  In a related case against MindGeek, this Court recognized that a protective order would be an appropriate vehicle "to provide Defendants' counsel with their true identities if necessary in the litigation." *Fleites v. MindGeek S.A.R.L.*, 2021 WL 2766886, at *1 (C.D. Cal. June 28, 2021).

2.    Counsel for Plaintiff shall provide to counsel for the Defendants the Plaintiff's name and alias names used at any time (as recalled by Plaintiff) ("True Identity") within 7 days of the entry of this Order.

3.    The Parties, as well as their agents, employees, and assigns, and any person or entity who has signed the agreement to be bound by this Protective Order (Exhibit A), shall keep the True Identity of Plaintiff confidential during and after the conclusion of this matter.  The Parties reserve, however, all of their respective rights in discovery, including to issue subpoenas, take depositions, and request information and documents from or regarding any person who has knowledge of the creation, posting or distribution of any videos or images relevant to Plaintiff's allegations. With that reservation, the Parties agree that they may only disclose Plaintiff's True Identity to the following:

    A. The Parties to this litigation, including any employees, agents, and representatives of the Parties as needed to litigate any claims or defenses;

    B. Counsel for the Parties and employees, agents, and representatives of counsel as needed to litigate any claims or defenses;

    C. The Court, and court personnel;

1

D. Any custodian of records, but only to the extent that Plaintiff's True Identity will assist the custodian in obtaining and producing records after signing the agreement to be bound by this Protective Order.  If the custodian of records or their counsel fails or refuses to sign that agreement, the Parties shall meet and confer regarding the proposed disclosure. Consent shall not be unreasonably withheld. If the Parties fail to reach consent, they hereby agree that such dispute shall be resolved pursuant to the Magistrate Judge's Informal Discovery Dispute Resolution Process: https://www.cacd.uscourts.gov/honorable-autumn-d-spaeth;

E. Persons to whom disclosure is compelled by law, including (but not limited to) by subpoena, warrant, or court order with 14 days prior notice to all counsel of record for the Plaintiff, further before disclosure is made Defendants will advise the requesting party of this Order and request that they sign the agreement to be bound by this Protective Order;

F. Persons to whom disclosure is necessary in order for Defendants to obtain relevant discovery or otherwise prepare a good-faith defense, after signing the agreement to be bound by this Protective Order.  If such person(s) or their counsel fails or refuses to sign that agreement, the Parties shall meet and confer regarding the proposed disclosure. Consent shall not be unreasonably withheld. If the Parties fail to reach consent, they hereby agree that such dispute shall be resolved pursuant to the Magistrate Judge's Informal Discovery Dispute Resolution Process: https://www.cacd.uscourts.gov/honorable-autumn-d-spaeth;

G. Independent providers of document reproduction, electronic discovery, or other litigation services retained or employed specifically in

2

connection with this litigation, after signing the agreement to be bound by this Protective Order;

H. Court reporters, recorders, and videographers engaged for depositions, after signing the agreement to be bound by this Protective Order;

I. Any mediator appointed by the Court or jointly selected by the Parties, after signing the agreement to be bound by this Protective Order;

J. Any expert witness, outside consultant, or investigator retained specifically in connection with this litigation, after signing the agreement to be bound by this Protective Order;

K. Any deponent or fact witness and their counsel, after signing the agreement to be bound by this Protective Order— subject to disclosure occurring no earlier than 15 days prior to the noticed deposition date or date of trial testimony. If the deponent or fact witness or their counsel fails or refuses to sign that agreement, the Parties shall meet and confer regarding the proposed disclosure. Consent shall not be unreasonably withheld. If the Parties fail to reach consent, they hereby agree that such dispute shall be resolved pursuant to the Magistrate Judge's Informal Discovery Dispute Resolution Process: https://www.cacd.uscourts.gov/honorable-autumn-d-spaeth;

L. Government agencies and agency personnel, including law enforcement and law enforcement personnel, but only to the extent that the disclosure of Plaintiff's True Identity is necessary to litigate any claims or defenses or to comply with any applicable legal obligations or requirements; and

M. Other persons or entities as needed to litigate any claims or defenses upon consent of the Parties. A meet and confer must be held regarding any such disclosure. Consent shall not be unreasonably withheld. If the Parties fail to reach consent on a disclosure that is not expressly

authorized under the terms of this Protective Order, the Parties hereby agree that such dispute shall be resolved pursuant to the Magistrate Judge's Informal Discovery Dispute Resolution Process: https://www.cacd.uscourts.gov/honorable-autumn-d-spaeth.

4.       The provisions of this Order shall apply to any disclosure of Plaintiff's True Identity throughout the course of this Action, regardless of whether such disclosure may occur through written, electronic, or oral means.  Plaintiff's True Identity may not be disclosed or used for any other purpose other than litigating this action.

5.       The Parties and any non-parties shall redact from all public filings all identifying information of Plaintiff, including: (i) name and aliases; (ii) names of family members; (iii) date of birth; (iv) social security number or other government-issued identification numbers; (v) addresses; (vi) phone numbers; (vii) photographs or other images; (viii) physical descriptors; (ix) medical records; and (x) social media or other online accounts, including accounts on Pornhub, Redtube, or other sites owned by Defendants.  Upon the filing of a redacted document, the filing party must simultaneously file an unredacted copy under seal and provide an unredacted copy to the other party.  This order shall constitute the specific court order required for filing under seal pursuant to Local Rule 79-5.2.2.  In other words, the parties need not file a further administrative motion prior to each filing under seal pursuant to this Protective Order.  For avoidance of doubt, redactions should not be applied to the documents exchanged in discovery between the parties on the basis of this Protective Order.

6.       To the extent any Party or non-party has questions or concerns about whether any forthcoming filing complies with the requirements of this Order, such party or nonparty should seek leave of Court prior to submitting any such filing.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

| | |
|---|---|
| 1 | DATED:  November 8, 2024 |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |

DATED:  November 8, 2024      */s/ Michael J. Bowe*

Michael J. Bowe
mbowe@brownrudnick.com
Lauren Tabaksblat
**BROWN RUDNICK LLP**
ltabaksblat@brownrudnick.com
7 Times Square
New York, NY 10036
Phone: 212.209.4800
Fax:    212.209.4801

David M. Stein (State Bar #198256)
dstein@olsonstein.com
**OLSON STEIN LLP**
240 Nice Lane #301
Newport Beach, CA 92663
Phone: 949.887.4600

*Attorneys for Plaintiff*

DATED:  November 8, 2024      */s/ Esteban Morales Fabila*

Seth R. Goldman *(pro hac vice app. forthcoming)*
srgoldman@mintz.com
MINTZ, LEVIN, COHN, FERRIS,
 GLOVSKY AND POPEO, P.C.
919 Third Avenue
New York, NY 10022
Telephone: (212) 692-6845
Facsimile: (212) 983-3115

Peter A. Biagetti *(admitted pro hac vice)*
pabiagetti@mintz.com
MINTZ, LEVIN, COHN, FERRIS,
 GLOVSKY AND POPEO, P.C.
One Financial Center
Boston, MA 02111
Telephone: (617) 542-6000
Facsimile: (617) 542-2241

Arameh Z. O'Boyle (SBN 239495)
azoboyle@mintz.com
Esteban Morales Fabila (SBN 273948)
emorales@mintz.com
MINTZ, LEVIN, COHN, FERRIS,
 GLOVSKY AND POPEO, P.C.
2049 Century Park East, Suite 300
Los Angeles, CA 90067
Telephone: (310) 586-3200
Facsimile: (310) 586-3202

*Attorneys for Defendants MindGeek
S.à r.l., MG Freesites Ltd, MindGeek
USA Incorporated, MG Premium Ltd,
MG Global Entertainment Inc., and
9219-1568 Quebec Inc.*

DATED:  November 8, 2024

*/s/ Ronald G. White*

Ronald G. White
rwhite@wmhwlaw.com
**Walden Macht Haran & Williams LLP**
250 Vesey Street, 27th Floor
New York, New York 10281
Telephone: 212.335.2387

*Attorney for Defendant Bernd Bergmair*

DATED:  November 8, 2024

*/s/ Matthew V. Povolny*

Jason Brown
JBrown@CohenGresser.com
Matthew V. Povolny
mpovolny@cohengresser.com
**Cohen & Gresser LLP**
800 Third Avenue
New York, NY 10022
Telephone: 212.957.7561

*Attorneys for Defendant Feras Antoon*

1

2  DATED:  November 8, 2024                    */s/ Jonathan S. Sack*

3                                             Jonathan S. Sack

4                                             jsack@maglaw.com
                                              **Morvillo Abramowitz Grand Iason &**
5                                             **Anello P.C.**

6                                             565 Fifth Avenue
                                              New York, New York 10017
7                                             Telephone: 212.880.9410

8                                             *Attorney for Defendant David Tassillo*

9

10  DATED:  November 8, 2024                   */s/ Drew Tulmello*

11                                            Drew Tulumello

12                                            Drew.Tulumello@weil.com
                                              Arianna Scavetti
13                                            arianna.scavetti@weil.com
                                              Sydney Hargrove
14                                            Sydney.Hargrove@weil.com

15                                            **Weil, Gotshal & Manges LLP**
                                              2001 M Street NW
16                                            Washington, DC 20036
                                              Telephone: 202.682.7000
17

18                                            Nicole Comparato

19                                            Nicole.Comparato@weil.com
                                              **Weil, Gotshal & Manges LLP**
20                                            1395 Brickell Avenue, Suite 1200

21                                            Miami, FL 33131-3368
                                              Nicole.Comparato@weil.com
22                                            Telephone: 305.577.3100

23
                                              *Attorneys for Defendant Visa, Inc.*
24

25
    DATED:  November 8, 2024                   */s/ James M. Pearl*
26
                                              James M. Pearl
27                                            jamespearl@paulhastings.com
                                              **Paul Hastings LLP**
28

1999 Avenue of the Stars, 27th Floor
Century City, CA 90067
Telephone: 310.620.5700

Adam M. Reich
adamreich@paulhastings.com
**Paul Hastings LLP**
515 Flower St, 25th Floor
Los Angeles, CA 90071
Telephone: 213.683.6000

*Attorneys for Defendant Redwood
Capital Management, LLC*

DATED:  November 8, 2024

*/s/ David G. Hille*
David G. Hille
dhille@whitecase.com
Kevin C. Adam
kevin.adam@whitecase.com
**White & Case LLP**
1221 Avenue of the Americas
New York, NY 10020-1095
Telephone: 212.819.8200

Russell J. Gould (Bar No. 313352)
russell.gould@whitecase.com
**White & Case LLP**
555 South Flower Street, Suite 2700
Los Angeles, CA 90071-2433
Telephone: 213.620.7700

*Attorneys for Defendant Colbeck
Capital Management, LLC*

1    **FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

2

3    DATED:  January 15, 2025                                    _____/s/ Autumn D. Spaeth_____

4                                                                              Honorable Autumn D. Spaeth

5                                                                              United States Magistrate Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT A

<u>AGREEMENT TO BE BOUND BY PROTECTIVE ORDER</u>

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Pre-Trial Protective Order as to the Identity of Plaintiff X.N. that was issued by the United States District Court for the Central District of California in the case of *X.N. v. MindGeek S.A.R.L. et al.,* Case No. 2:24-cv-04800-WLH-ADS.  I agree to comply with and to be bound by all the terms of this Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____